# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELISHA R. WHITE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-16-245-SPS |
| | ) |
| COMMISSIONER of the Social | ) |
| Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. She seeks attorney's fees in the total amount of $4,667.00, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 26] and Plaintiff's Supplemental Application for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act [Docket No. 29]. The Commissioner objects to the award of fees and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees under the EAJA as the prevailing party herein.

On appeal, the Plaintiff's sole contention of error was that the ALJ, again, failed to properly consider a state reviewing physician opinion with regard to her mental impairments. The Commissioner's response to the EAJA fees motion asserts that her

position on appeal was substantially justified because the arguments made before this Court were plausible and reasonable in fact and law and consistent with Agency policy, and the duty to weigh evidence is the sole province of the ALJ. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). "The test for substantial justification under the EAJA, the Supreme Court has added, is simply one of reasonableness." *Madron v. Astrue*, 646 F.3d 1255, 1257-1258 (10th Cir. 2011), *citing Pierce v. Underwood*, 487 U.S. 552, 563-564 (1988). In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). "In other words, it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification." *Madron*, 646 F.3d at 1258. In this case, the Court found that the ALJ's decision was not supported by substantial evidence in light of Tenth Circuit case law instructing that an ALJ cannot ignore Section I of a state reviewing physician mental RFC assessment if Section

III contradicts or fails to account for the limitations therein. Here, the Commissioner nevertheless argues that another District Court has upheld similar findings by an ALJ as substantially justified, and that the Commissioner was likewise substantially justified in relying on case law that this Court ultimately found distinguishable. The Commissioner thus challenges an award of attorney's fees, despite this Court's finding to the contrary that the decision was not based on substantial evidence in light of all of the evidence in the record. Inasmuch as it was the ALJ's obligation to provide a reasonable basis in the first instance, it is difficult to see how anything said on appeal could justify the ALJ's failures at the administrative level in this case. *See, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991).

    The Court therefore concludes that the Plaintiff should be awarded attorney's fees as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not

substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 26] and Plaintiff's Supplemental Application for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act [Docket No. 29] are hereby GRANTED to the extent that the Government is hereby ordered to pay attorney's fees in the amount of $4,667.00 to the Plaintiff as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 9th day of November, 2018.

_Steven P. Shreder_
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma